**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0177n.06

Case No. 14-3435

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 06, 2015
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| TERRANCE D. DAVIS, aka TERRENCE D. | ) | OHIO |
| DAVIS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: KEITH, COOK, and DONALD, Circuit Judges.

PER CURIAM. Terrance Davis pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 110 months' imprisonment. Davis appeals, challenging the reasonableness of his sentence. We AFFIRM.

In September 2013, an Ohio State Highway trooper stopped Davis in Crawford County, Ohio. As the officer approached, Davis fled in his vehicle and a pursuit ensued. Davis eventually crashed his car and was arrested after a brief chase on foot. The arresting officers discovered a loaded firearm that had been reported stolen in plain view on the driver's seat.

Davis pleaded guilty to being a felon in possession of a firearm, a crime that carries a statutory maximum of 120 months' imprisonment. 18 U.S.C. § 924(a)(2). In calculating the applicable sentencing guidelines range, the district court relied on the offense level computation

in the presentence investigation report. Because of two prior felony convictions, Davis started with a base offense level of 24. U.S.S.G. § 2K2.1(a)(2). The district court increased the base offense level by four because Davis possessed a stolen firearm and obstructed justice by fleeing from officers, then subtracted three levels because Davis accepted responsibility and pleaded guilty. Ultimately, the court calculated a recommended guidelines range of 110 to 137 months' imprisonment, although the statutory maximum effectively capped the high end of the range at 120 months.

Though Davis accepted the guidelines calculation, he asked the district court to vary downward and sentence him within a range of 77 to 96 months. Davis maintained that sentencing him within the guidelines would deprive him of the full benefit of accepting responsibility and pleading guilty in that his sentence could not exceed 120 months in any event. He urged the court to vary downward by, in effect, capping its calculation of the guidelines range at the statutory maximum *before* applying the acceptance-of-responsibility reduction. The district court declined to vary downward and sentenced Davis to 110 months' imprisonment, emphasizing its view that a lower sentence would fail to deter Davis from committing crimes in the future, given that Davis committed the instant offense just two months after completing a six-year prison term.

Davis now challenges the reasonableness of his sentence, renewing his argument that a within-guidelines sentence deprived him of the full benefit of accepting responsibility. We review under an abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007), affording the court's within-guidelines sentence a rebuttable presumption of substantive reasonableness, *United States v. Vonner,* 516 F.3d 382, 388–89 (6th Cir. 2008) (en banc).

Davis fails to rebut the presumption of reasonableness afforded to sentencing decisions on appeal. His sentencing transcript reflects the district court's proper consideration of the 18 U.S.C. § 3553(a) factors in determining that the need to deter Davis from committing further offenses outweighed any argument for a lesser sentence. Although the court acknowledged its discretion to impose a non-guidelines sentence, it explained that it would find Davis's acceptance-of-responsibility argument "more compelling if [he] didn't get any benefit for acceptance of responsibility and if it wasn't [his] own circumstances which pushed this into an atypical felon in possession case." (R. 27, Sentencing Tr. at 20–21.) As the district court noted, Davis obtained some benefit for accepting responsibility, as the three-level reduction brought the low end of the guidelines range below the statutory maximum. We thus discern no abuse of discretion in the district court's declining to vary below the guidelines range. We AFFIRM.